IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FRUTH, INC.,**
a West Virginia corporation,

       **Plaintiff,**

v.                                        **CIVIL ACTION NO.** _3:15-cv-16266_____

**DON PULLIN, an individual,**
**and CONNIE PULLIN, an individual,**

       **Defendants.**

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Defendants Don Pullin and Connie Pullin (collectively, "Defendants"), by counsel, hereby notify this Court of the removal of the above-captioned action, currently pending in the Circuit Court of Mason County, West Virginia, under Civil Action No. 15-C-140, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice is based upon the following grounds:

1.      Plaintiff Fruth, Inc. ("Plaintiff") filed the above-captioned civil action on or about December 16, 2015. The Complaint, exhibits and summonses are attached hereto as Exhibit 1.

2.      On or about December 16, 2015, Plaintiff also filed a "Motion for Temporary Restraining Order or Preliminary Injunction and Incorporated Memorandum of Law" ("Motion for TRO"), a copy of which is attached hereto as Exhibit 2.

3.      Without any prior notice to Defendants that either the Complaint or Motion for TRO had been filed, the Circuit Court acted upon and granted the Motion on December 16,

2015, the same day that the Complaint was filed. A copy of the Court's "Ex Parte Temporary Restraining Order" is attached hereto as Exhibit 3.

4.      The receipt for the security required by the Ex Parte Temporary Restraining Order is attached hereto as Exhibit 4.

5.      The aforesaid documents constitute the only process, pleadings, or orders that have been filed in this action.

6.      In accordance with Local Rule of Civil Procedure 3.4(b), a copy of the docket sheet for Civil Action No. 15-C-140 is attached hereto as Exhibit 5.

7.      Attached to the Complaint are copies of summonses and instructions to the West Virginia Secretary of State for service of the Complaint on the Defendants, however, the Defendants have not been served. Thus, removal of the above-captioned action is timely and is also within 30 days of filing of the Complaint. (See 28 U.S.C. § 1446(b)(1).[1]

8.      Both Defendants consent to and join in this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

9.      This Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship, because the action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1] By filing this Notice of Removal, Defendants do not waive, and should not be deemed to have waived, any objections to personal jurisdiction or service of process in this matter and, further, retain all defenses based on lack of personal jurisdiction and/or insufficiency of service of process. *See, e.g., Arizona v. Manypenny*, 451 U.S. 232, 243 (1981); *Mobil Oil Co. de Venezuela v. Jimenez*, 948 F.2d 1282 (4th Cir. 1991); *Amick v. Allied Glove Corp.*, 2:13-CV-06593, 2014 WL 1017275, at *3 (S.D.W. Va. Mar. 17, 2014); *Hlavac v. DGG Properties*, CIV. A. 04-6112, 2005 WL 839158, at *8 (E.D. Pa. Apr. 8, 2005).

11.    Plaintiff is incorporated under the laws of the State of West Virginia and has its principal place of business at 4016 Ohio River Road, Point Pleasant, West Virginia 25550.  (Ex. 1, Pl.'s Complaint, at ¶ 1.)

12.    Both Defendants are citizens of the State of Florida and reside at 3600 Christa Court, Ormond Beach, Florida 32174.  (Ex. 1 at ¶ 2.)

13.    Because Plaintiff is a West Virginia corporation, and Defendants are citizens of the State of Florida, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(a), (c)(1); *Columbia Gas Transmission Corp. v. Burdette Realty Imp., Inc.*, 102 F. Supp. 2d 673, 675 (S.D.W.Va. 2000) (quoting 28 U.S.C. § 1332(c)(1)) (explaining that, in "determining whether a federal court possesses subject matter jurisdiction based on diversity of citizenship, a corporation is 'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'").

14.    Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000.  *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W.Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

15.    Although Plaintiff's Complaint does not specify the precise dollar amount of damages that Plaintiff seeks, the total jurisdictional amount in controversy is clearly met in this case.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("If removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to

be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum . . . .").

        a.     Plaintiff has asserted claims against Defendants for Declaratory Relief (Count I) and Breach of Fiduciary Duty (Count II). (Ex. 1, at ¶¶ 42-49.)

        b.     Plaintiff alleges that Defendants' actions place at risk approximately $21.7 million in annual revenue. (*Id.* at ¶ 35.)

        c.     Additionally, Plaintiff seeks to recover all damages, both general and special, resulting from Defendants' alleged violation of federal law, as well as punitive damages, costs, and attorney fees. (*Id.* at ¶¶ 42-49.)

16.     In sum, this Court has diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Furthermore, removal of this action is proper pursuant to 28 U.S.C. § 1441.

17.     This Court is the District Court embracing Mason County, West Virginia, where the action is currently pending. *See* L. R. Civ. P. 77.2.

18.     True and correct copies of this Notice, together with attached exhibits, and a "Notice of Removal of this Action to Federal Court" directed to the Circuit Court of Mason County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of the Mason County Circuit Court, in accordance with the provisions of 28 U.S.C. § 1446(d). A copy of the "Notice of Removal of this Action to Federal Court" is attached hereto as Exhibit 6.

WHEREFORE, Defendants Don Pullin and Connie Pullin file this Notice of Removal so that the above-captioned action, currently pending in the Circuit Court of Mason County, West

Virginia, under the Civil Action No. 15-C-140, may be removed to this Court for all further

proceedings.

**DON PULLIN and CONNIE PULLIN**

**By Spilman Thomas & Battle, PLLC**

Neva G. Lusk (WV Bar No. 2274)
Keith D. Fisher (WV Bar No. 11346)
300 Kanawha Blvd. East (Zip 25301)
P.O. Box 273
Charleston, WV  25321
(304) 340-3800
(304) 340-3801 (Facsimile)
nlusk@spilmanlaw.com
kfisher@spilmanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FRUTH, INC.,
a West Virginia corporation,

        Plaintiff,

v.                                          CIVIL ACTION NO. __3:15-cv-16266__

DON PULLIN, an individual,
and CONNIE PULLIN, an individual,

        Defendants.

### CERTIFICATE OF SERVICE

I, Neva G. Lusk, counsel for Defendants Don Pullin and Connie Pullin, hereby certify

that, on December 18, 2015, I electronically filed the foregoing **"Notice of Removal"** with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following counsel of record:

> Daniel A. Earl, Esquire
> J.H. Mahaney, Esquire
> Cindy D. McCarty, Esquire
> Dinsmore & Shohl LLP
> 611 Third Avenue
> Huntington, WV 25701
> *Counsel for Plaintiff*

Neva G. Lusk (WV State Bar #2274)